| | | |
|---|---|---|
| IN RE: | § | CASE NO.   10-52526 |
| HILL TOP FARM, LTD. | § | |
| Debtor | § | CHAPTER 11 PROCEEDING |

## HILL TOP FARM, LTD.'S EXPEDITED MOTION (A) FOR AUTHORITY TO SELL REAL PROPERTY IN THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES AND (B) TO SHORTEN AND LIMIT NOTICE

TO THE HONORABLE RONALD B. KING, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES HILL TOP FARM, LTD., debtor and Debtor-in-Possession (hereinafter, "Debtor" or "HILL TOP"), and submits this Motion pursuant to Sections 105(a) and 363(b), (f) and (m) of the Bankruptcy Code, and Bankruptcy Rules 6004, 6006, 9006 and 9007 and seek the following relief: (a) entry of an order shortening notice and scheduling an expedited hearing (the "Sale Hearing") to approve "ordinary course of business" sales of real property pursuant to the provisions of earnest money contracts to any such Purchaser free and clear of all liens, claims, interests and encumbrances, and waiving the automatic 14-day stay following entry if such order under Bankruptcy Rules 6004(g) and 6006(d) in order to permit the Debtor to immediately consummate the sale of the Real Property to purchasers (the "Sale Motion").

In support of this Motion, the Debtors respectfully avers as follows:

### Introduction

1. On July 2, 2010 (the "Petition Date"), HILL TOP FARM, LTD. filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Debtor HILL TOP FARM, LTD., movant herein, is a company that purchases and develops real estate for sale in its ordinary course of business. In connection therewith, the Debtor owns several residential lots and also owns additional real estate, improved and unimproved, in Bexar and Webb Counties in Texas. No trustee or examiner has been appointed in this bankruptcy case.

### Jurisdiction And Venue

2. This Court has jurisdiction of this Motion pursuant to 28 U.S.C. Sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. Sections 1 57(b)(2)(A), (N) and (O). Venue of the Debtors' Chapter 11 case and this Motion in this District is proper pursuant to 28 U.S.C.

Sections 1408 and 1409. The statutory predicates for the relief sought herein are Sections 105(a), 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9006 and 9007.

## Background And Circumstances
## Leading Up To Chapter 11 Filing

3.　　On July 2, 2010 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.　　No trustee, examiner, or official committee has been appointed.

5.　　Although HILL TOP's sale of its real estate is in the ordinary course of its business and; therefore, court approval of such sales is not required, because at least one title insurance underwriter has requested a court order approving any sale of HILL TOP real estate, HILL TOP is requesting that the Court give "blanket" authorization of HILL TOP's sales of real property (either by warranty deed or contract for deed) that HILL TOP determines to be in its ordinary course of business.

6.　　HILL TOP requests the Court to authorize its sale of real property in the ordinary course of business as long as all of the indebtedness secured by liens on the real estate is satisfied and as long as the sale is not to an insider or affiliate (as those terms are defined by the Bankruptcy Code).

7.　　By this Motion the Debtor seeks the entry of an order, following the conclusion of the hearing on this motion, authorizing the Debtor to sell real property in the ordinary course of business, with such real property to be transferred and conveyed free and clear of all liens, claims, interests and encumbrances.

8.　　The sale of the real property as proposed herein is reasonable and proper under Sections 363 the Bankruptcy Code and is in the best interests of the Debtor, its creditors and the estate. Accordingly, ample cause exists for the proposed sale of the Real Property.

## Miscellaneous Provisions

10.　　The Debtor seeks authorization to take such action and to execute and deliver any

deeds and such other documents, agreements and instruments as may be necessary or advisable to effectuate the terms of the sale of its real property.

## **Good Faith Purchaser Designation**

11. As part of the relief sought by the Debtor, the Debtor asks the Court to designate any purchaser as a good faith purchaser, as such term is utilized in Section 363(m) of the Bankruptcy Code. Such designation can be made by a Bankruptcy Court in the context of a sale of assets of a debtor when it has been established that the proposed purchaser is an unrelated third party, not affiliated with or having any insider relationship with the debtor, and when the proposed transaction is for fair value and is the result of arms length negotiations between the parties. See In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir. 1986).

12. With respect to the proposed transactions, the Debtor will not, without additional court approval, sell any real estate to any purchaser who does not meet the qualifications for designation as a good faith purchaser as described in Section 11 above.

.

## **Best Interests Of The Estate**

13. The Debtors believe that the sale of its real property as requested herein will provide a greater return on the Debtor's real estate than would be achieved if the Debtor was required to obtain court approval of every sale in the ordinary course of business. Furthermore, as a result of the sale of the real property, the Debtor will be relieved of its obligation to service the debt that is secured by the real property.

14. The Debtor believes, and therefore avers, that the present circumstances of this bankruptcy case warrant approval of the sale of HILL TOP's real property is appropriate as such transactions shall represent the exercise of sound business judgment on the part of the Debtor.

15. Section 363(f) of the Bankruptcy Code provides, in pertinent part, as follows:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if
>
> (2) such entity consents ; or

*    *    *

> (5) such entity could be compelled, in a legal or equitable
> proceeding, to accept a money satisfaction of such interest.

11 U.S.C. Section 363(f)(2), (5).

16.    The Debtor believes that approval of the proposed sale of the real estate to the non-insiders and parties that are not affiliates comports with Section 363(f)(2) of the Bankruptcy Code in that all creditors asserting valid interests in and against the teal property will consent to the transaction.

17.    In addition, Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of Section 105(a) is to insure a Bankruptcy Court's power to take whatever action "is appropriate or necessary in aid of the exercise of its jurisdiction." 2 Collier on Bankruptcy, 105.01, at 105-2 (15th ed. 1993). Thus, this Court may exercise its equitable powers to grant the relief requested in this Motion.

18.    Approval of the sale transactions as contemplated herein will help facilitate the Debtor's ability to file and seek approval of a plan of reorganization and distribute the sale proceeds in accordance with the priorities delineated in the Bankruptcy Code.

19.    The Debtor intends to submit any disputes which may arise in connection with the "ordinary course" sales contemplated herein to the Bankruptcy Court for determination on an expedited basis.

20.    Simultaneously herewith, the Debtor has served a copy of this Motion, along with exhibit, on the Office of the United States Trustee, counsel for all parties identified on the Service List maintained in this case, and all parties, if any, believed by the Debtor to assert a security interest in or lien on the Debtor's real property.

**Notice - Expedited Consideration**

21.    The Debtor is submitting herewith a proposed order and notice of hearing shortening notice and providing notice of the proposed sale procedures, which the Debtor proposes to serve on the Office of the United States Trustee, all parties identified on the Service List maintained in this case, and all creditors asserting a security interest in or lien on the real property.

22.     Federal Rule of Bankruptcy Procedure 9007 provides, in pertinent part, as follows:

> When notice is to be given under these rules, the court shall designate, if
> not otherwise specified herein, the time within which, the entities to whom,
> and the form and manner in which the notice shall be given.

Fed.R.Bankr.P. 9007.

23.     As stated above, the Debtor does not believe court approval of the sales contemplated herein is necessary; however, the Debtor, in the abundance of caution and for the benefit of proposed purchasers and title companies, the Debtor requests "blanket" approval of such ordinary course sales. The Debtor contends that the forms of notice set forth above and the period for scheduling the hearing on the sale comport with Bankruptcy Rules 6004, 6006 and 9007, constitute good and sufficient notice of the relief sought herein, and of all hearings and procedures contemplated hereby.

## Waiver of 14-day Stay on Closing

24.     Bankruptcy Rule 6004(g) provides that an order authorizing the use, sale, or lease of property will be stayed for fourteen days after entry of such approval orders unless the court orders otherwise. Because of the need to close the transactions contemplated herein as promptly as possible, the Debtor requests that the Court order and direct that the order approving this Motion shall not be automatically stayed for fourteen days.

## Approval of the Payment of Real Estate Commissions at Closing

25.     The Debtor anticipates that buyers' real estate brokers will request the Debtor to pay 3.0% of the sales price as commissions. The Debtor hereby requests the Court to approve such payment at closing of an "ordinary course" sale. Payment of a commission to HILL TOP's real estate broker(s) shall be the subject of a separate motion.

26.     No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court grant this Motion and grant the Debtor such other and further relief as may be just and proper.

Respectfully submitted on this 14th day of September, 2010.

LAW OFFICES OF WILLIAM B. KINGMAN, P.C.
4040 Broadway, Suite 450
San Antonio, Texas 78209
Telephone: (210) 829-1199
Facsimile: (210) 821-1114
By: */s/William B. Kingman*
William B. Kingman, State Bar No. 11476200

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this motion has been sent on September 14, 201010 via the applicable rules (Court's ECF System and/or US First Class Mail, postage paid) to the parties on the attached service list, which includes parties requesting notice and parties asserting a security interest in or lien on the real property of the Debtor.

*/s/ William B. Kingman*
William B. Kingman

# IN RE: HILL TOP FARM, LTD - 10-52526
## Creditor Matrix

Hill Top Farm LTD
c/o Elena Garcia
P.O. Box 2368
Laredo, TX 78044

Attorney General of U.S.
Main Justice Building, Room 511
10th and Constitution Ave., NW
Washington, DC 20530

Bexar County Tax A/C
P.O. Box 839950
San Antonio, TX 78283-3950

Bexar County Tax A/C
c/o David Aelvoet, Esq.
Linebarger, Goggan
711 Navarro, Suite 300
San Antonio, TX 78205

CEC Civil Engineering Consultants
9652 McPherson Rd., Suite 7
Laredo, TX 78045

First National Bank
P.O. Box 810
Edinburg, TX 78540-0810

Flores Auditing, PLLC
3112 Spring Creek
Laredo, TX 78045

Elena P. Garcia
2106 Clark Blvd.
Laredo, TX 78043

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326

Internal Revenue Service
Special Procedures Staff
STOP 5022 AUS
300 E. 8th Street
Austin, TX 78701

Joseph Michael Dickerson
2 Lindenwood @ Del Mar Blvd
Laredo, TX 78045

Klein & Barenblat
115 E. Travis, Suite 6
San Antonio, TX 78205

Laredo Morning Times
P.O. Box 80080
Prescott, AZ 86304

Salvador Ochoa
Cuatro Vientos
2301 Reynolds
Laredo, TX 78043

Premium Assignment Corp
P.O. Box 3100
Tallahassee, FL 32315

Propel Financial Services
P.O. Box 100350
San Antonio, TX 78201

Roberto R. Salinas
P.O. Box 3125
Laredo, TX 78044

U.S. Attorney
601 NW Loop 410, Suite 600
San Antonio, TX 78216

U.S. Trustee
P.O. Box 1539
San Antonio, TX 78295-1539

Edwin G. Ward
P.O. Box 3216
Laredo, TX 78044

Webb County Tax A/C
1110 Victoria St.
Laredo, TX 78040

Salinas Investments
13639 Treasure Trail
San Antonio, TX 78232

Webb County Tax A/C
c/o Maria Elena Morales
1514 Victoria, Suite 1
Laredo, TX 78040

Eric D. Sherer
Eric D. Sherer PC
11124 Wurzbach, Suite 100
San Antonio, TX 78230